17 F.3d 1444
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Raymond L. SLATE, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 93-7070.
 United States Court of Appeals, Federal Circuit.
 Jan. 14, 1994.
 
 Before NIES, Chief Judge, PLAGER and CLEVENGER, Circuit Judges.
 NIES, Chief Judge.
 
 
 1
 Raymond L. Slate appeals from the February 10, 1993, judgment of the Court of Veteran Appeals (CVA), which affirmed the decision of the Board of Veterans' Appeals (BVA) denying his request to reopen a claim. We dismiss for lack of jurisdiction.
 
 I.
 
 2
 Slate served on active duty in the United States Army from August 1960 to August 1963. In 1972, physicians diagnosed Slate as having a sarcoma of the right thigh, which required amputation. Slate filed a claim with the Veterans Administration later that year, claiming that the sarcoma resulted from a parachuting accident that occurred while he was on active duty. This claim was denied. Slate requested that his claim be reopened in 1986. The BVA denied this request in a February 13, 1989, decision.
 
 
 3
 Slate again asked that his claim be opened in 1990 on the basis of new and material evidence. The BVA denied his request on May 13, 1991, concluding that his submissions did not meet the "new and material" evidence standard as set forth in 38 U.S.C. Sec. 5108. The CVA summarily affirmed this decision on February 10, 1993. This appeal followed.
 
 II.
 
 4
 Under 38 U.S.C. Sec. 7292, this Court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the CVA relied on in its decision. If an appeal to this Court from the CVA does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this Court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 5
 Although Slate couches his arguments in terms of due process, the substance of his argument is that the evidence that he submitted should be deemed to satisfy the statutory "new and material" standard. His appeal thus amounts to a request for review of the trial court's application of the law governing reopening of claims to the facts of his case. As this Court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).